IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DORIS LUJAN a/k/a DORIS FELIX-LUJAN, on her own behalf and on behalf of her minor daughters REINA LUJAN and DORIS LUJAN, | |
| Plaintiff, <br> v. | No. 07cv1035 PK/DJS |
| COUNTY OF BERNALILLO, BERNALILLO COUNTY SHERIFF'S OFFICE, a governmental entity of the State of New Mexico; DEPUTY SHERIFF ANTHONY E. MEDRANO, BERNALILLO COUNTY SHERIFF'S OFFICE, individually and in his official capacity; DEPUTY SHERIFF SHUREKE COVINGTON, BERNALILLO COUNTY SHERIFF'S OFFICE, individually and in his official capacity; DEPUTY SHERIFF JOEL HARVEY, BERNALILLO COUNTY SHERIFF'S OFFICE, individually and in his official capacity; DEPUTY SHERIFF ROLDAN LARGE, BERNALILLO COUNTY SHERIFF'S OFFICE, individually and in his official capacity; DEPUTY SHERIFF JOAQUÍN RODRÍGUEZ, BERNALILLO COUNTY SHERIFF'S OFFICE, individually and in his official capacity; APPROXIMATELY EIGHT (8) UNIDENTIFIED MEMBERS OF THE BERNALILLO COUNTY SHERIFF'S DEPARTMENT "S.W.A.T." TEAM PARTICIPATING IN A RAID ON 1001 FAIRHAVEN, SW, IN ALBUQUERQUE, NEW MEXICO ON AUGUST 10, 2006, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendant's Motion for Summary Judgment filed February 10, 2009.  Doc. 38.  Upon consideration thereof,

(1) <u>Background.</u>  In this 42 U.S.C. § 1983 action, Plaintiff on her own behalf and on behalf of her minor daughters, seeks damages for violation of Fourth Amendment rights and also brings a supplemental state law claim.  Doc. 1.  Though several claims in the complaint are overlapping, the complaint can be distilled into claims for unreasonable search and seizure of the Plaintiff and her daughters, and use of excessive force, during a police raid on their home.  In addition, there is a state-law claim for malicious prosecution.  Plaintiff seeks damages for personal injury and injury to property, and punitive damages against the individual Defendants.  Plaintiff has named as Defendants various law enforcement officers in their official and individual capacities, as well as the municipality.

Specifically, Plaintiff complains that she and her daughters (ages 11 and 15 at the time) were unreasonably searched and detained (Count III) and subjected to excessive use of force (Count IV).  Plaintiff also complains that the search and seizure of her property was unreasonable, and carried out with excessive force and lack of care resulting in the destruction and waste of her property (Counts I and II).  She alleges municipal liability based upon an official custom and policy of (1) searches and seizures without probable

cause, (2) targeting certain individuals and families deemed nuisances, and (3) unlawful detentions (Count VI). Punitive damages are sought against the individual Defendants (Count VII). Also included is a New Mexico Tort Claims Act claim for malicious prosecution (Count V).

Defendants seek summary judgment on the following grounds: (1) Plaintiff has failed to establish that any of the named Defendants were personally responsible for the alleged constitutional violations, (2) the individually-named Defendants are entitled to qualified immunity, (3) Plaintiff's claims against the unidentified S.W.A.T. team members should be dismissed, (4) Plaintiff's claim for failure to supervise property does not state a claim under § 1983, (5) Plaintiff's municipal liability claims fail for lack of a municipal custom or policy bringing about the alleged constitutional violations, (6) Plaintiff's malicious prosecution claim fails for lack of evidence of improper use of the judicial process, and (7) the sheriff's department as a governmental sub-unit is not a separately suable entity. Doc. 38.

(2) <u>Summary Judgment Standard.</u>  Summary judgment is appropriate under Fed. R. Civ. P. 56(c) "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In applying this standard, the court reviews the evidence in the light most favorable to the nonmoving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970). At the same time, Plaintiff must go beyond the allegations in the complaint and come forward with significantly probative evidence that

would support a verdict in her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

Particularly relevant in this case, a party seeking summary judgment must inform the court of the basis for its motion and identify those portions of the record that demonstrate the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party seeking summary judgment is not required to negate his opponent's claim; he may challenge the non-movant's ability to prove her claim based upon the record, and at that point, the non-movant must go beyond the pleadings and demonstrate a genuine issue for trial. Id. at 323-24. As with any motion, a non-movant who does not respond to a movant's grounds for summary judgment does so at her peril and cannot complain when the district court issues an unfavorable ruling. See United States v. Nacchio, 555 F.3d 1234, 1247 (10th Cir. 2009) (en banc).

(3) Facts. Because this case arises on summary judgment, we view the facts in the light most favorable to the non-movant, here the Plaintiff. This case involves the execution of a narcotics search warrant between 4:00-4:30 a.m. on August 10, 2006, at Plaintiff's residence. The initial execution was handled by a S.W.A.T. team, which employed a shotgun with breaching rounds while forcing entry into the residence and another room. Doc. 38 at 4-5, ¶¶ 20-21 (undisputed). Defendants claim to have also used two "flash-bang" devices. Id. at 5, ¶ 22 (disputed). Plaintiff and her children claim that weapons were fired throughout the encounter and that cartridges were recovered. Doc. 43 at 8, ¶ 22; id. Ex. 1 at 81, 83, 93, 95-99; id. Ex. 2 at 12, 14-15, 22; id. Ex. 3 at 17-18, 22.

Defendants dispute this. Doc. 38 at 5, ¶ 24; id. at 6, ¶ 29. Plaintiff and her children were ordered to the ground and handcuffed; both children report being held face down at gunpoint with an officer's foot on the back. Doc. 43, Ex. 1 at 101; id. Ex. 2 at 20-21; id. Ex. 3 at 22. Plaintiff contends that she and her children were strip searched in an area visible to the male officers and others. Doc. 43 at 9, ¶ 26; id. Ex. 1 at 123-24, 126-27; id. Ex. 2 at 28-30; id. Ex. 3 at 26. They also contend that they were handcuffed too tightly for an excessive period, their pleas to loosen the handcuffs unavailing. Doc. 43, Ex. 1 at 121; id. Ex. 2 at 23-24; id. Ex. 3 at 23-24. In addition, one of the children complains of injuries from being stepped on. Doc. 43, Ex. 2 at 37, 40-44.

Insofar as the property is concerned, Plaintiff maintains that the Defendants essentially tore apart the residence, damaging the structure and furniture, making holes in the walls, and tearing out wiring. Doc. 43 at 11-12, ¶¶ 35-36; id. Ex. 1 at 95-96, 106-09; id. Ex. 3 at 23-24. Plaintiff claims that two of her dogs were missing after the raid, and that a picture and ceramic vase were shot. Doc. 43, Ex. 1 at 95-96, 114-18. Defendants maintain that the residence was in very poor condition, necessitating a referral to the local housing inspection unit, which declared the residence uninhabitable. Doc. 38 at 7, ¶¶ 37-38. Defendants also claim not to have shot the dogs. Doc. 38 at 6, ¶ 29.

During the search, a white substance in a plastic baggie was found in the glove compartment of Plaintiff's vehicle. Defendants claim that field tests were positive for methamphetamine. Doc. 38 at 6, ¶ 31. Plaintiff was arrested and charged with trafficking

methamphetamine; however, Plaintiff suggests it was camphor. Doc 38 at 6, ¶ 2; Doc. 43 at 10, ¶ 30; id. Ex. 2 at 33-34.

    (3) Plaintiff's Response. As Defendants point out, the Plaintiff's response to the summary judgment motion is not satisfactory in several respects. Essentially, Plaintiff relies solely upon excerpts of deposition testimony from herself and her daughters.[1] First, though the complaint contains plentiful facts that might controvert some of the Defendants' undisputed facts, Plaintiff cannot rely upon the allegations contained in the complaint to demonstrate a material factual dispute. Fed. R. Civ. P. 56(e)(2); Celotex, 477 U.S. at 324. Second, Plaintiff is required to specifically reference to deposition testimony that demonstrates a material factual dispute, i.e., by page number. D.N.M. LR-Civ 56.1(b). Third, Plaintiff must come forward with *some* evidence showing a genuine issue of material fact for trial—her refrain that "there are insufficient credible facts" to establish the Defendants' undisputed material facts, Doc. 43 at 4-6, ¶¶ 3-12, misunderstands the mechanics of summary judgment. On summary judgment, the court is not weighing credibility; the inquiry is legal and concerns whether the non-movant has come forward with sufficient facts to require a trial. Fed. R. Civ. P. 56(e)(2); Anderson, 477 U.S. at 249. Moreover, the frequent comment that the Defendants' affidavits were prepared after the filing of the lawsuit and made only to support the summary judgment

---

[1] While sole reliance on the depositions might be appropriate in some cases, also utilizing affidavits or other discovery or disclosure material allows a party to present the sequence of events in a logical order, and facilitates linking specific facts to *specific claims for relief*.

motion is a non-starter; affidavits based upon personal knowledge are a sufficient basis on which to move for or oppose summary judgment. Fed. R. Civ. P. 56(e)(1); see Celotex, 477 U.S. at 323-24. Fourth, Plaintiff has not responded to Defendants' specific grounds (1-7) for summary judgment—remarkably, Plaintiff's response to Defendants' motion for summary judgment contains no legal argument. Doc. 43. Defending against a motion for summary judgment generally requires focus not only upon the proffered undisputed material facts, but also the application of the law to those facts.

    (5) Plaintiff's Rule 56(f) Affidavit. Plaintiff's counsel has completed a Rule 56(f) affidavit seeking additional time for discovery of the law enforcement Defendants. Doc. 44. The Rule 56(f) affidavit (filed March 11, 2009) accompanies Plaintiff's response. The provisional discovery plan was filed February 29, 2008. Doc. 9. Discovery was extended to October 3, 2008, Doc. 25, and the pretrial order filed March 3, 2009, did not apprise the court of any discovery problems, Doc. 40 at 13. The court also extended the time for Plaintiff to respond to the instant summary judgment motion to March 10, 2009. Although Plaintiff's counsel suggests that the denial of a motion to consolidate this case with another is partly responsible for the resulting evidentiary gap, the motion to consolidate was denied by order on January 8, 2009, well before the summary judgment deadline as extended. Doc. 36. While cost-savings from combining the depositions in the two cases would have been a laudable goal, pretrial deadlines in this case have been set for months and the court is not persuaded that Plaintiff made use of the discovery that was provided. Defendants' counsel provided an affidavit that, as part of discovery, all

law enforcement incident reports, specifically identifying the roles played by each actor during the execution of the narcotics search warrant, were furnished to Plaintiff's counsel and Plaintiff had the opportunity to depose any of the named Defendants well before the summary judgment motion.  Doc. 45, attach. at 1-2, ¶¶ 3-7 (Slease).  The court is not persuaded that good reasons exist for the grant of an extension of time for discovery.  See Garcia v. U.S. Air Force, 533 F.3d 1170, 1180 (10th Cir. 2008).  Moreover, much of the basis for the motion is to gather evidence concerning probable cause, Doc. 44 at 2-6, ¶¶ 3-11, which simply will not be an issue in this case.  The court will proceed to resolve the summary judgment motion.

    (4) Summary Judgment-Qualified Immunity.  Defendants seek summary judgment and qualified immunity on the basis that none of the named Defendants are personally responsible for the alleged constitutional violations.  Governmental officials performing discretionary functions are entitled to qualified immunity when their conduct does not violate clearly established rights of which a reasonable person would have known.  Pearson v. Callahan, 129 S. Ct. 808, 815 (2009).  The Supreme Court has emphasized that qualified immunity should be decided early in the proceedings because it is immunity from suit (rather than a defense to liability) that is effectively lost if Defendants are required to go to trial.  Id.  Qualified immunity is a legal inquiry, but it may be applied to government officials' mistakes of law, mistakes of fact, or mistakes involving mixed questions of law and fact.  Id.

Given a qualified immunity defense raised on summary judgment, Plaintiff must demonstrate how the facts (taken in the light most favorable to the Plaintiff) make out a constitutional violation, and if so, whether the right is clearly established given these specific circumstances. Id. at 815-16; Cortez v. McCauley, 478 F.3d 1108, 1114 (10th Cir. 2007) (en banc). The court may decide these issues in any order. Pearson, 129 S. Ct. at 818.

In this circuit, qualified immunity issues are almost always questions of law, decided by a court prior to trial. Keylon v. City of Albuquerque, 535 F.3d 1210, 1217 (10th Cir. 2008). Here, the named Defendants contend that personal participation is an essential element of a constitutional violation, and Plaintiff simply has not come forward linking specific named Defendants with specific constitutional violations. Although Defendants suggest that Plaintiff must establish an affirmative link between a particular defendant's conduct and a constitutional deprivation, that is the test for supervisory liability. See Serna v. Colo. Dep't of Corrs., 455 F.3d 1146, 1151 (10th Cir. 2001). Supervisory liability is most likely an issue (in addition to actor liability) only with Defendant Medrano. Without question, though, § 1983 requires some causal connection between the alleged deprivation of constitutional rights and a particular Defendant's actions. Buck v. City of Albuquerque, 549 F.3d 1269, 1279-80 (10th Cir. 2008); see Jones v. Williams, 297 F.3d 930, 934-38 (9th Cir. 2002).

On summary judgment, Defendants contend that none of the named Defendants participated in the initial entry into the residence. Doc. 38 at 5, ¶ 25. By affidavit, they

deny pointing any firearms at the Plaintiff or her children, handcuffing them, or searching any of them during the execution of the search warrant.[2]  Doc. 38 at 5, ¶ 27.  Most of the named Defendants did participate in the subsequent search, however.  Doc. 38, Ex. A at 5, ¶ 29 (Medrano); id. Ex. 1 (narcotics unit inventory); id. Ex. B at 2, ¶ 11 (Harvey); id. Ex. E at 1, ¶ 3 (Large); id. Ex. F at 1, ¶ 3 (Covington).  Defendant Medrano was the case agent and requested the S.W.A.T. team.  Doc. 38, Ex. A at 3, ¶ 20.  Summary judgment in favor of Defendant Joaquín Rodríguez is appropriate as it is uncontroverted that he was not present, nor did he participate in the events of the day in question.  Doc. 38, Ex. C at 2, ¶ 9.  Although Plaintiff testified that other officers besides those on the S.W.A.T. team were present, Doc. 43, Ex. 1 at 106-08 (identifying comments by two officers), the critical matter of identification in the context of specific constitutional violations has never been addressed.  See Jenkins v. Wood, 81 F.3d 988, 995-96 (10th Cir. 1996).  To be sure, there may be circumstances in which it might not be possible to identify which actor did what, necessitating theories of liability based upon joint participation or a fellow officer's failure to intervene to prevent a constitutional violation.  See Fogarty v.

---

[2] In that regard, see Muehler v. Mena, 544 U.S. 93, 98-100 (2005).  In Muehler, the Supreme Court made it clear that law enforcement executing a search warrant for contraband have the authority to detain the occupants of the house and to use reasonable force in the form of handcuffs to detain the occupants for two to three hours given inherently dangerous situations.  Id.; see also Cortez, 478 F.3d at 1129 (stating that actual injury, be it physical or emotional, is necessary to recover on a claim that handcuffs were too tight).

Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008);[3] Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir. 2004).  Plaintiff has *some* responsibility, however, to develop the facts indicating personal liability and articulate legal theories.  See, e.g., Doc. 9 (Joint Status Report and Provisional Discovery Plan filed Feb. 29, 2008).  In that way, Plaintiff can properly respond to the grounds advanced in summary judgment motion, and the Defendants in turn would have a right to reply.  This is particularly true given qualified immunity, which analyzes constitutional rights in concrete, not general, terms.  See Brosseau v. Haugen, 543 U.S. 194, 198-200 (2004).  For example, while Graham v. Connor, 490 U.S. 386, 396-97 (1989), proscribes excessive force from an objectively reasonable standpoint, it does so at a high level of generality.  Here, because Plaintiff has failed on this score, Defendants are entitled to summary judgment and qualified immunity on the constitutional claims.  See Albright v. Rodriguez, 51 F.3d 1531, 1535 (10th Cir. 1995) (qualified immunity is warranted if a plaintiff fails to carry her burden to demonstrate a constitutional violation or clearly established law).

     (5) Unidentified S.W.A.T. Team Members.  Defendants also seek dismissal of the eight unidentified S.W.A.T. team Defendants.  Given that much of what Plaintiff objects

---

[3] Fogarty illustrates that in deciding summary judgment and qualified immunity, a court must consider what each Defendant is alleged to have done, albeit in the light most favorable to the plaintiff, against a backdrop of the applicable law.  It is worth noting that in Fogarty, the plaintiff brought claims for unlawful arrest and excessive force, but could not identify the law enforcement officers who arrested him in part because their nametags were obscured and an arrest report was not completed.  Fogarty, 523 F.3d at 1152.  Notwithstanding, the plaintiff was able to make several allegations linking the defendants to the arrest.  Id.

to in this encounter occurred at the hands of the S.W.A.T. team, it is passing strange that no action was taken to add these persons. Despite ample time to name and serve them, see Doc. 38 at 11-12, Plaintiff has not, and dismissal is thus warranted. See Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996).

(6) Count II, Failure to Adequately Supervise and Care for Seized Property. Defendants contend that Count II is really a claim for negligence and that they secured the property. Doc. 38 at 7, ¶¶ 39-40; id. at 12. Although the Plaintiff disputes the Defendants' facts on this score and cites to her deposition, no page reference is included and the court is unable to find it in the deposition excerpt supplied. Doc. 43 at 12-13, ¶ 39-40. To the extent that the claim is predicated on negligence, it is not a constitutional violation. Daniels v. Williams, 474 U.S. 327, 333 (1986). Summary judgment on qualified immunity is also warranted for failure to address this point; Plaintiff has not established a constitutional violation, let alone clearly established law. Cortez, 478 F.3d at 1114.

(7) Count VI, Municipal Liability. Summary judgment is warranted on this count on the basis that Plaintiff has not established a constitutional violation given the reasons discussed above, let alone an official custom and policy. Of course, the County cannot be held liable in the absence of a constitutional violation by one of its officers. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). In the alternative, the County could not be liable for any actions of the individual Defendants on a theory of respondeat superior. Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997). Rather,

Plaintiff must identify a municipal "policy" or "custom" that caused Plaintiff's injury. Id. The municipality's conduct must be deliberate. Id. at 404. However, Plaintiff has not met her burden because she has not gone beyond the allegations in her complaint to show the existence of any such policy or custom. Anderson, 477 U.S. at 249-50.

(8) Bernalillo County Sheriff's Department. Defendants also seek dismissal of the Bernalillo County Sheriff's Department. Because governmental sub-units are not properly suable entities in § 1983 actions, such dismissal is appropriate. See Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985).

(9) Count V, Malicious Prosecution. Because the federal claims will not proceed, the court will not exercise supplemental jurisdiction over the supplemental state law claims. 28 U.S.C. § 1367(c); see Tonkovich v. Kan. Bd. of Regents, Univ. of Kan., 254 F.3d 941 (10th Cir. 2001).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that Defendant's Motion for Summary Judgment filed February 10, 2009 (Doc. 38), is granted as follows:

(1) Defendants Medrano, Covington, Harvey, Large, and Rodríguez are granted summary judgment on the constitutional claims contained in the complaint (Counts I, II, III, IV, VII),

(2) Defendant County of Bernalillo is granted summary judgment on the claim for municipal liability contained in the complaint (Count VI),

(3) Count V of the complaint for malicious prosecution is dismissed without prejudice.

(4) The unidentified S.W.A.T. team members contained in the complaint are dismissed without prejudice.

(5) The Bernalillo County Sheriff's Office is dismissed as a party.

(6) The April 21, 2009, Pretrial Conference and June 1, 2009, jury trial setting in this matter are hereby vacated.

DATED this <u>3rd</u> day of April 2009, at Santa Fe, New Mexico.

/s/ Paul Kelly, J.
United States Circuit Judge
Sitting by Designation

Counsel:

Dennis Montoya, Rio Rancho, New Mexico, and Judith A. Rosenstein, Albuquerque, New Mexico, for Plaintiff.

William D. Slease and Jonlyn M. Martinez, Slease & Martinez, P.A., Albuquerque, New Mexico, for Defendants.